**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**EWIN L. WALKER, JR.**                                                             **PLAINTIFF**

**v.**                                                                          **No. 3:11CV140-B-V**

**PEGGY PIGEON, ET AL.**                                                   **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On February 13, 2012, plaintiff Edwin L. Walker, an inmate in the custody of the Marshall County Correctional Facility with inmate number R7396, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

The plaintiff claims that on January 17, 2011, Officer Townsend entered the dining hall in Unit 29 at Parchman, cursing Walker and calling him "white boy," "honkey," and "cracker." Walker cursed Townsend back. Townsend claims that Walker struck him on the right side of his face. Townsend grabbed Walker by the throat and slammed him to the ground, landing on top of him and choking him. Sergeant Hayes (female) had to pull Townsend off of Walker. Kitchen supervisor Hill had asked Hayes to help Walker. When Walker tried to give his statement at the

---

[1] 28 U.S.C. § 1915(g).

disciplinary hearing for assaulting Officer Townsend, the hearing officer turned off the tape and would not let Walker make a record or call witnesses on his behalf. Walker was found guilty of the infraction and was punished by placement in isolation, loss of his prison job, transfer to the Marshall County Correctional Facility, and dismissal from a computer class. He claims that as a result of the incident he suffers headaches, a sore neck, and bruising on his back.

In a separate incident on June 16, 2011, Officer Peggy Pigeon ordered Walker to put away the trash, put up his broom, and go into housing unit Alpha 4 at the Marshall County Correctional Facility. She got Walker's attention by calling him "white boy." Pigeon wrote Walker up for a rule violation (failing to obey the order of any staff) for refusing to enter his housing unit. Walker claims that he, indeed, entered his housing unit, though he was initially blocked from doing so. Again, he alleges that he was not permitted to present evidence at his disciplinary hearing. His punishment was placement in isolation and loss of privileges.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was

confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In both incidents in this case, the discipline imposed (isolation, loss of privileges) easily fell within the type one could expect in a penal institution; indeed such punishments are commonplace. As such, the plaintiff's claims regarding his inability to present evidence at disciplinary hearings should be dismissed for failure to state a claim upon which relief could be granted. Further, as this was the plaintiff's only claim against defendant Peggy Pigeon, she should be dismissed with prejudice from this instant case.

### *Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that Christopher Epps or Jessie Streeter had any personal involvement or were causally connected to the alleged incident

in any way. As such, the undersigned respectfully recommends that this action be dismissed as to defendants Epps and Streeter for failure to state a constitutional question.

However, the plaintiff's claims against defendant Thomas Townsend for use of excessive force and racial discrimination should proceed.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 22nd day of June, 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE