IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EDWIN L. WALKER, JR.**                                                               **PLAINTIFF**

v.                                                                No. 3:11CV140-B-V

**PEGGY PIGEON, ET AL.**                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Edwin L. Walker, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Walker alleges that defendant Thomas Townsend used excessive force against him in contravention of the Eighth Amendment prohibition against cruel and unusual punishment. The defendant has moved [Doc. 33] for summary judgment. The plaintiff, Walker, has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the motion by the defendant will be granted and judgment entered for the defendant.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts

showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

Walker claims that on January 17, 2011, Officer Townsend entered the dining hall in Unit 29 at Parchman, cursed Walker and called him "white boy," "honkey," and "cracker." Walker cursed Townsend back. Townsend grabbed Walker by the throat, slammed him to the ground, landed on top of him and choked him. Sergeant Hayes pulled Townsend off of Walker. At the hearing held under *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), Walker testified that after the incident he suffered from a sore neck, bruising on his back, and headaches. Walker asked Townsend to take him to medical for treatment, and Townsend refused. Walker also put in several Sick Call Requests, but he was not taken to medical immediately. Walker's medical record contains no mention of an attack by Townsend, no entries in which he complained about a sore neck, bruised back, or headaches, and no entries showing that Walker was treated for these conditions.

**Excessive Force**

Edwin Walker alleges that Thomas Townsend used excessive force against him. A court must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order. *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). To prove his claim of excessive force, Walker must show that the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson,* 503 U.S. at 6-7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). In evaluating Walker's claim, the court must consider, among other things, "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of the forceful response." *Rankin*, 5 F.3d at 107 n.5 (citation omitted).

A prisoner need not show "significant" or "serious injury" to prove an Eighth Amendment claim of excessive force. *Hudson*, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993). As a reference point, "a sore, bruised ear lasting for three days – was *de minimis*." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In this case, Walker has provided no proof that his injuries and the force Thomas Townsend used against him were more than *de minimis*. Walker alleges that he asked Townsend to take him for medical treatment just after the incident, but Townsend refused. He also alleges that he requested other prison officials to take him to medical on the date of the incident, January 17, 2011, but the officials would not do so. A review of Walker's medical records reveals that, though he may not have been taken for medical treatment on the date of the incident, he nonetheless went to medical within a week and many times afterwards – and he never complained about a sore neck, bruised back, or headaches. He told medical personnel that he has had chronic back pain since a motor vehicle accident in 2006, when he was 15 years old.

On January 24, 2011, Walker was seen for medical treatment for chest pain and prescribed Zantac to reduce stomach acid. On February 3, 2011, his anti-inflammatory medicine was changed to naproxen sodium. On February 11, 2011, he sought treatment after he fell off his rack and hurt his wrist. He underwent tuberculosis screening on February 13, 2011. He went to Unit 42 hospital at the Mississippi State Penitentiary on February 14, 2011. On February 17, 2011, he was examined for foot trouble, but there were no signs of abuse or trauma. On February 18, 2011, he complained of severe back pain. On February 20, 2011, he underwent an eye examination. He also complained that day about mild chronic back pain from a motor vehicle accident when he was 15 years old. He requested eyeglasses on February 25, 2011. He was seen about chronic back pain again on March 1, 2011.

## No Proof that the Plaintiff Suffered More Than *De Minimis* Injury

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. Walker cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356, "conclusory allegations," *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). Other than the bare assertions in his complaint, Walker has presented no evidence that he was attacked or that his injuries were more than *de minimis*.

During his first doctor visit – about a week after the incident – Walker complained only of chest pain due to stomach trouble; he did not report that he had a sore neck, bruised back, or headaches. During his later visits for a hurt wrist, routine medication changes, foot trouble, etc., he never once mentioned any of the injuries set forth in his complaint. Likewise, he never reported to the

- 6 -

medical staff that he had been attacked. Indeed, there is no entry in his medical record to show that he was attacked or injured at all. The injuries he alleges, if they were sustained at all, qualify only as *de minimis*, similar to the bruised ear with soreness lasting for three days discussed in *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The injuries were not severe enough such that he would report them – or the alleged attack – to medical personnel during multiple visits for treatment. The court thus finds the injuries to be *de minimis*. As such, they do not meet the injury requirement for an excessive force claim, and the claim must be dismissed. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).

In sum, the instant motion for summary judgment will be granted and judgment entered for the defendant Thomas Townsend. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 19th day of November, 2013.

                                                             /s/ Neal Biggers
                                                          NEAL B. BIGGERS
                                                          SENIOR U. S. DISTRICT JUDGE